UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAFAEL NUNEZ ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> NCO FINANCIAL SYSTEMS, INC. ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. **10 cv 4705** <br><br> **COMPLAINT** <br><br> **Jury Trial Demanded** |

### NATURE OF ACTION

1.　This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

### JURISDICTION AND VENUE

2.　This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3.　Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this district, where Plaintiff resides in this State and this district, and where Defendant transacts business in this State and this district.

### PARTIES

4.　Plaintiff, Rafael Nunez ("Plaintiff"), is a natural person who at all relevant times resided in the State of New York, County of New York, and City of New York.

5.　Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, NCO Financial Systems, Inc. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

11. Within one (1) year preceding the date of this Complaint, Defendant caused Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff, including Defendant causing Plaintiffs telephone to ring on numerous occasions.

12. Within one (1) year preceding the date of this Complaint, Defendant communicated with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff, including Defendant causing Plaintiffs telephone to ring as early as before 8:00 am and/or after 9:00 pm.

13. Within one (1) year preceding the date of this Complaint, Defendant falsely represented the character, amount, or legal status of Plaintiffs debt, including Defendants collectors Cristobal and Peterson representing to Plaintiff that he remains legally obligated to pay an alleged debt that is over 14 years past the New York State six (6) year statute of limitations.

14. Within one (1) year preceding the date of this Complaint, Defendant threatened to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including Defendants collectors threatening Plaintiff that his wages will be garnished if he does not come to a payment arrangement suitable to Defendant when Defendant does not have the benefit of a Court judgment and is prevented from obtaining one by operation of law.

15. Within one (1) year preceding the date of this Complaint, Defendant Communicated or threatening to communicate credit information which is known or which should be known to be false, including Defendants collection agents stating to Plaintiff that, if he does not pay immediately, Defendant will destroy his credit when the alleged debt is over 13 years past the seven (7) year statute of limitation on credit reporting.

16. Within one (1) year preceding the date of this Complaint, Defendant, in connection with collection of a debt, used language the natural consequence of which was to abuse Plaintiff, including Defendants debt collectors shouting at Plaintiff and calling him a deadbeat and a degenerate as a result of his failure to come to a repayment arrangement suitable to Defendant.

17. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

18. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 17.

19. Defendant's actions as detailed above constitute violations of the FDCPA, 15 U.S.C. § 1692 sections d(5), c(a)(1), e(2)(a), e(5), e(8), and d(2).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

20. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 17.

21. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

### TRIAL BY JURY

22. Plaintiff is entitled to and hereby demands a trial by jury.

This 15th day of June, 2010.

ATTORNEYS FOR PLAINTIFF
*Rafael Nunez*

Respectfully submitted,

_____
Dennis R. Kurz
NY Bar No. 4570453
**Weisberg & Meyers, LLC**

Attorneys for Plaintiff
300 International Drive, Suite 100
Williamsville
 Buffalo, NY 14221
(888) 595-9111 ext. 412
(866) 842-3303 (fax)
dkurz@attorneysforconsumers.com

***Weisberg & Meyers, LLC***
80 Broad Street, 5th Floor
New York, NY 10004

***Please send correspondence to the address below***

Dennis R. Kurz
NY Bar No. 4570453
***Weisberg & Meyers, LLC***
Attorneys for Plaintiff
5025 N. Central Ave. #602
Phoenix, AZ 85012